UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16cv231-FDW

| | |
|---|---|
| MELVIN PORTILLO HERNANDEZ,  )  <br>*also known as* Melvin Portillo-Hernan[1], )  <br>    )  <br>    Petitioner,    )  <br>    )  <br>vs.    )  <br>    )  <br>NORA HUNT, et al.,    )  <br>    )  <br>    Respondent.    )  <br>_____ )  | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner Melvin Portillo Hernandez's pro se amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 4).

**I.    BACKGROUND**

Petitioner is a prisoner of the state of North Carolina, who pled guilty pursuant to a plea deal in Mecklenburg County Superior Court on March 10, 2005 to two counts of trafficking cocaine. As part of the deal, Petitioner's bond was unsecured and sentencing was continued so that Petitioner could provide substantial assistance to the State in other criminal matters and receive a lesser sentence. Petitioner picked up new trafficking charges in 2006 during the time he was out of custody and supposedly providing substantial assistance to the State. (Order Den. Dec. 14, 2015 MAR, Doc. No. 4-1 at 27-31.)

---

[1] It appears from his other filings (Doc. Nos. 2, 4) that Petitioner misspelled his name on his habeas Petition (Pet. 1, Doc. No. 1). The Clerk of Court will be directed to correct Petitioner's name from Henandez to Hernandez in the docket.) Petitioner is incarcerated by the North Carolina Department of Public Safety under the name Melvin Portillo-Hernan. See N.C. Dep't of Pub. Safety Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/ofendersearch.do?method=list, Offender No. 0977693.

1

Petitioner was sentenced on August 18, 2006. At the sentencing hearing, Petitioner was represented by counsel and assisted by a sworn interpreter. Both sides agreed that: 1) Petitioner could not provide substantial assistance as was agreed to on March 10, 2005, the date of his plea; 2) there could not be any consideration of substantial assistance for sentencing; and 3) Petitioner would be subject to the mandatory minimums both in sentence and fine. Petitioner was given the opportunity to speak and chose not to. The State dismissed the new trafficking charges prior to sentencing, so as not to impact the agreed upon sentence. The court followed the plea agreement, consolidated the charges for judgment, and sentenced Petitioner to 175-219 months imprisonment. (Order Den. Dec. 14, 2015 MAR, supra.)

Petitioner filed a motion for appropriate relief in Mecklenburg County Superior Court on September 9, 2007. It was denied on October 19, 2007. (Order Den. Dec. 14, 2015 MAR, supra.) It appears from the amended Petition that Petitioner did not seek review in the North Carolina Court of Appeals of the denial of the MAR.

Petitioner filed another MAR in Mecklenburg County Superior Court on December 14, 2015; it was denied on February 25, 2016. (Am. Pet. 4, Doc. No. 4.) He subsequently filed a petition for writ of certiorari seeking review of the denial of his December 14, 2016 MAR; the North Carolina Court of Appeals denied the petition on April 15, 2016. (Order Den. Cert. Pet., Doc. No. 4-1 at 1.)

Petitioner filed his original federal habeas Petition on April 29, 2016, when he signed and placed it in the prison mailing system. (Pet. 14, Doc. No. 1.) After conducting an initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in District Court, the Court entered an Order on September 9, 2016 directing Respondent to file an answer, motion or response to the claims raised in the Petition. (Doc. No. 3.)

2

On September 14, 2016, the Clerk of Court received and docketed Petitioner's amended habeas Petition, which included 190 pages of exhibits. (Doc. Nos. 4, 4-1.) Having reviewed the amended Petition and its attachments, the Court concludes that it is premature for Respondent to file an answer in this action. Instead, Petitioner shall be given an opportunity to explain to the Court why his Petition should not be dismissed as untimely.

**II.  DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Judgment was entered in this case on August 18, 2006, when Petitioner was sentenced. To the extent Petitioner retained a right to a direct appeal subsequent to his guilty pleas, he had 14 days to file the notice of appeal in the North Carolina Court of Appeals, see N.C. R. App. P. 4(a)(2), which he did not do. Therefore, his conviction became final on or about September 1, 2006, when the time for seeking review expired. See § 2244(d)(1)(A).

3

The federal statute of limitations then ran for 365 days until it finally expired on or about September 1, 2007. Therefore, it appears that, absent equitable tolling or applicability of one of § 2244(d)(1)'s other subsections, the habeas Petition is untimely under § 2244(d)(1)(A).

Petitioner asserts that he has "discovered new evidence." (Am. Pet., supra, at 14.) Under § 2244(d)(1)(D), the one-year statute of limitations begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Neither the original Petition nor the amended Petition, identifies the "new evidence," the date on which Petitioner discovered it, or its relevance to any of the grounds raised in the Petition. On the other hand, Petitioner's December 14, 2015 MAR, which is attached to his amended habeas Petition, does.

In Claim IV of his MAR, Petitioner asserted that on or about December 8, 2015, he received "newly discovered evidence" that his trial attorney had been disbarred by the North Carolina State Bar on October 2, 2008. (MAR, Doc. 4-1 at 89.) According to the MAR, Petitioner learned about the disbarment after contacting the North Carolina State Bar for assistance in obtaining his trial files from his attorney. The MAR did not, however, explain how the disbarment of Petitioner's trial attorney was related to the knowing, intelligent, and/or voluntary nature of Petitioner's 2005 guilty plea, which is the subject of attack in the instant amended habeas Petition.

Simply citing "newly discovered evidence" is insufficient to demonstrate timeliness under § 2244(d)(1)(D). Because Petitioner has not addressed the timeliness of his Petition, the Court will provide him 20 days to explain why the instant § 2254 petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

**IT IS, THEREFORE, ORDERED THAT:**

1. The Clerk of Court shall correct Petitioner's surname from "Henandez" to "Hernandez" in the docket;

2. The Clerk of Court shall include "Melvin Portillo-Hernan" as an alternative name for Petitioner in the docket;

3. The Court's September 8, 2016 Order (Doc. No. 3) requiring Respondent to file an answer or response to the Petition for Writ of Habeas Corpus is **VACATED**;

4. Petitioner is **GRANTED** leave to proceed in forma pauperis (Doc. No. 2); and

5. Petitioner shall, within 20 days from service of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely. If Petitioner does not file an explanation within 20 days from service of this Order, the petition may be dismissed without further notice.

Signed: September 26, 2016

Frank D. Whitney
Chief United States District Judge