# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:16cv231-FDW

| | | |
|---|---|---|
| **MELVIN PORTILLO HERNANDEZ,** | ) | |
| *also known as* **Melvin Portillo-Hernan,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **NORA HUNT, et al.,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner Melvin Portillo Hernandez's amended pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 4).

## I.     BACKGROUND

Petitioner is a prisoner of the state of North Carolina who, on March 10, 2005, pled guilty in Mecklenburg County Superior Court, pursuant to a plea, to two counts of trafficking cocaine. As part of the deal, Petitioner's bond was unsecured and sentencing was continued so that Petitioner could provide substantial assistance to the State in other criminal matters and receive a lesser sentence. Petitioner picked up new trafficking charges in 2006 during the time he was out of custody and supposedly providing substantial assistance to the State. (Order Den. Dec. 14, 2015 MAR 27-31, Doc. No. 4-1.)

Petitioner was sentenced on August 18, 2006. At the sentencing hearing, Petitioner was represented by counsel and assisted by a sworn interpreter. Both sides agreed that: 1) Petitioner could not provide substantial assistance as was agreed on March 10, 2005, the date of his plea; 2) there could not be any consideration of substantial assistance for sentencing; and 3) Petitioner

1

would be subject to the mandatory minimums both in sentence and fine. Petitioner was given the opportunity to speak and chose not to. The State dismissed the new trafficking charges prior to sentencing, so as not to impact the agreed upon sentence. The court followed the plea agreement, consolidated the charges for judgment, and sentenced Petitioner to 175-219 months imprisonment. (Order Den. Dec. 14, 2015 MAR 27-31.)

Petitioner filed a motion for appropriate relief in Mecklenburg County Superior Court on September 9, 2007. It was denied on October 19, 2007. (Order Den. Dec. 14, 2015 MAR 27-31.) It appears from the amended Petition that Petitioner did not seek further review in the North Carolina Court of Appeals.

Petitioner filed another MAR in Mecklenburg County Superior Court on December 14, 2015; it was denied on February 25, 2016. (Am. Pet. 4, Doc. No. 4.) He subsequently filed a petition for writ of certiorari seeking review of the denial of his 2015 MAR; the North Carolina Court of Appeals denied the petition on April 18, 2016. (Order Den. Cert. Pet. 1, Doc. No. 4-1.)

Petitioner filed his original federal habeas Petition on April 29, 2016, when he signed and placed it in the prison mailing system. (Pet. 14, Doc. No. 1.) After conducting an initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in District Court, the Court entered an Order directing Respondent to file an answer, motion or response to the claims raised in the Petition. (Doc. No. 3.)

Before Respondent's deadline to comply, the Clerk of Court received and docketed Petitioner's amended habeas Petition, which included 190 pages of exhibits. (Doc. Nos. 4, 4-1.) After reviewing all of these documents, the Court concluded it is premature for Respondent to file an answer in this action. Consequently, the Court vacated its Order requiring Respondent to

answer and gave Petitioner an opportunity to explain why his Petition should not be dismissed as untimely. (Doc. No. 5.) Respondent, nevertheless, filed an Answer, Motion for Summary Judgment, and supporting brief. (Doc. Nos. 6-8.) Petitioner subsequently filed a "Motion to Consider Petitioner's § 2254 Habeas Petition Timely Filed" (Doc. No. 9) and response to Respondent's Motion for Summary Judgment (Doc. No. 10).

## II.    STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

## III.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by

the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Judgment was entered in this case on August 18, 2006, when Petitioner was sentenced. To the extent Petitioner retained a right to a direct appeal subsequent to his guilty plea, he had 14 days to file the notice of appeal in the North Carolina Court of Appeals, see N.C. R. App. P. 4(a)(2), which he did not do. Therefore, his conviction became final on or about September 1, 2006, when the time for seeking review expired. See § 2244(d)(1)(A).

The federal statute of limitations then ran for 365 days until it finally expired on or about September 1, 2007. Therefore, absent equitable tolling or applicability of one of § 2244(d)(1)'s other subsections, the habeas Petition is untimely under § 2244(d)(1)(A).

Petitioner asserts that on or about December 8, 2015, he received "newly discovered evidence" that his trial attorney was disbarred by the North Carolina State Bar on October 2, 2008. (Mot. to Consider Pet. Timely Filed 2, Doc. No. 9.) Under § 2244(d)(1)(D), the one-year statute of limitations begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In his Petition, Petitioner claims that: 1) his guilty plea was not voluntary, knowing, and intelligent; 2) trial counsel rendered ineffective assistance in the context of his guilty plea; 3) his sentence was grossly disproportionate and in violation of the 8th Amendment to the U.S. Constitution; and 4) the State withheld exculpatory material evidence in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963).

Petitioner has failed to demonstrate any correlation between his attorney's disbarment and the claims raised in the Petition. As an initial matter, Petitioner does not contend that the attorney's disbarment was the result of, or in any way related to, his actions in Petitioner's case. On the contrary, the gist of Petitioner's argument is that because his attorney was disbarred for misappropriating client funds and failing to act on behalf of a number of clients with criminal matters, the attorney must have rendered ineffective assistance with respect to Petitioner's own criminal matters. Additionally, the basis of Petitioner's involuntary plea and ineffective assistance of counsel claims is that he hired his attorney to negotiate a plea whereby his sentence would be no more than 35-42 months. (Am. Pet. 5-6.) He asserts that he signed the guilty plea based upon the understanding that he would receive a sentence in that range. (Mot. to Consider Pet. Timely Filed 4.) Thus, the factual predicate of his involuntary plea, ineffective assistance of counsel, and grossly disproportionate sentence claims was known to Petitioner as soon as the court sentenced him to 175-219 months imprisonment, instead of 35-42 months.

Petitioner makes no effort to explain how the discovery of his attorney's disbarment revealed the factual predicate for his <u>Brady</u> claim. Nor does he identify any "newly discovered" evidence that would warrant application of § 2244(d)(1)(D) to his <u>Brady</u> claim.

Finally, Petitioner argues that he should be allowed to bring his ineffective assistance of counsel claim pursuant to <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012), which allows federal habeas courts to review certain ineffective assistance of trial counsel claims that would otherwise be procedurally barred. The holding in <u>Martinez</u> does not apply to claims barred by the statute of limitations, however. <u>See</u> <u>Arthur v. Thomas</u>, 739

F.3d 611, 630 (11th Cir. 2014).

## VI. CONCLUSION

The claims raised in the Petition are time-barred under § 2244(d)(1)(A).

Petitioner makes no showing or argument that equitable tolling should apply to any of his

claims.[1]  Consequently, the Petition shall be dismissed.

**IT IS, THEREFORE, ORDERED THAT:**

1. The amended Petition for Writ of Habeas Corpus (Doc. No 4) is **DISMISSED as untimely**;

2. Respondent's Motion for Summary Judgment (Doc. No. 7) is **DISMISSED** as moot;

3. Petitioner's "Motion to Consider Petitioner's § 2254 Habeas Petition Timely Filed" (Doc. No. 9) is **DENIED**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the

---

[1] Equitable tolling of the statute of limitation for a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

correctness of the dispositive procedural ruling is debatable, and that the

petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: February 13, 2017

Frank D. Whitney
Chief United States District Judge