UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16cv231-FDW

| | |
|---|---|
| MELVIN PORTILLO HERNANDEZ, )<br>*also known as* Melvin Portillo-Hernan, )<br> )<br>Petitioner, )<br> )<br>vs. )<br> )<br>NORA HUNT, et al., )<br> )<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon Petitioner Melvin Portillo Hernandez's Request for a Certificate of Appealability. (Doc. No. 13.)

## I. BACKGROUND

Petitioner is a prisoner of the state of North Carolina who, on March 10, 2005, pled guilty in Mecklenburg County Superior Court, pursuant to a plea, to two counts of trafficking cocaine. As part of the deal, Petitioner's bond was unsecured and sentencing was continued so that Petitioner could provide substantial assistance to the State in other criminal matters and receive a lesser sentence. Petitioner picked up new trafficking charges in 2006 during the time he was out of custody and supposedly providing substantial assistance to the State. (Order Den. Dec. 14, 2015 MAR 27-31, Doc. No. 4-1.)

Petitioner was sentenced on August 18, 2006. At the sentencing hearing, Petitioner was represented by counsel and assisted by a sworn interpreter. Both sides agreed that: 1) Petitioner could not provide substantial assistance as was agreed on March 10, 2005, the date of his plea; 2) there could not be any consideration of substantial assistance for sentencing; and 3) Petitioner would be subject to the mandatory minimums both in sentence and fine. Petitioner was given the

1

opportunity to speak and chose not to.  The State dismissed the new trafficking charges prior to sentencing, so as not to impact the agreed upon sentence.  The court followed the plea agreement, consolidated the charges for judgment, and sentenced Petitioner to 175-219 months imprisonment.  (Order Den. Dec. 14, 2015 MAR 27-31.)  Petitioner did not file a direct appeal but sought post-conviction collateral relief in the state courts.

Petitioner filed a Petition for Writ of Habeas Corpus in this Court on April 29, 2016.  (§ 2254 Pet. 14, Doc. No. 1.)  He filed an amended Petition on September 14, 2016.  (Doc. No. 4.)  This Court subsequently entered an Order notifying Petitioner that his habeas Petition appeared to be untimely pursuant to 28 U.S.C. § 2244(d)(1), and providing him an opportunity to explain why his Petition should not be dismissed as such.  (Doc. No. 5.)  Petitioner then filed a "Motion to Consider Petitioner's § 2254 Habeas Petition Timely Filed."  (Doc. No. 9.)

On February 13, 2017, the Court entered an order dismissing the amended habeas Petition as untimely and denying Petitioner a certificate of appealability.  (Doc. No. 11.)  Three months later, Petitioner filed the instant request for a certificate of appealability.  (Doc. No. 13.)

## II. DISCUSSION

A district court order dismissing or denying a § 2254 petition is not appealable unless a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A) (2012).  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (2012).  When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong.  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).

When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

This Court dismissed Petitioner's § 2254 habeas Petition solely on procedural grounds. (Order Dismiss. § 2254 Pet. 6, Doc. No. 11.) Specifically, the Court rejected Petitioner's assertion that his attorney's disbarment, two years after judgment was entered in his case, constituted newly discovered evidence that warranted application of 28 U.S.C. § 2244(d)(1)(D). (Order Dismiss. § 2254 Pet. 4-5.)

The one-year statute of limitations begins to run under § 2244(d)(1)(D), from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In his habeas Petition, Petitioner claimed that: 1) his guilty plea was not voluntary, knowing, and intelligent; 2) trial counsel rendered ineffective assistance in the context of his guilty plea; 3) his sentence was grossly disproportionate and in violation of the 8th Amendment to the U.S. Constitution; and 4) the State withheld exculpatory material evidence in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963). (Order Dismiss. § 2254 Pet. 4.)

As the Court explained in its previous Order, Petitioner failed to demonstrate any correlation between his attorney's disbarment and the claims raised in the Petition. Petitioner did not contend that the attorney's disbarment was the result of, or in any way related to, his actions in Petitioner's case. Instead, Petitioner's argument was that because his attorney was disbarred for misappropriating client funds and failing to act on behalf of a number of clients with criminal matters, the attorney must have rendered ineffective assistance with respect to Petitioner's own criminal matters. (Order Dismiss. § 2254 Pet. 5.)

As the Court also explained, however, the basis of Petitioner's involuntary plea and ineffective assistance of counsel claims was that he hired his attorney to negotiate a plea whereby his sentence would be no more than 35-42 months. (Am. Pet. 5-6, Doc. No. 4.) He asserted that he signed the guilty plea based upon the understanding that he would receive a sentence in that range. (Mot. to Consider Pet. Timely Filed 4, Doc. No. 9.) Thus, the factual predicate of his involuntary plea, ineffective assistance of counsel, and grossly disproportionate sentence claims was known to Petitioner as soon as the court sentenced him to 175-219 months imprisonment, instead of 35-42 months. (Order Dismiss. § 2254 Pet. 5.) Additionally, Petitioner made no effort to explain how the discovery of his attorney's disbarment revealed the factual predicate for his Brady claim. Nor did he identify any "newly discovered" evidence that would warrant application of § 2244(d)(1)(D) to his Brady claim. (Order Dismiss. § 2254 Pet. 5.)

In the Request for a Certificate of Appealability, Petitioner contends that his lawyer's disbarment "is directly related to every case he was handling during his criminal activity." (Certificate Req. 2, Doc. No. 13.) Petitioner then proceeds to make a series of irrelevant statements regarding an attorney's duty to his or her client. (Certificate Req. 2-4.) In short, Petitioner does not identify anything in the record or the Court's Order that demonstrates the Court's conclusion regarding the timeliness of the habeas Petition is debatable. See Slack, 529 U.S. at 484-85. Accordingly, Petitioner's Request for a Certificate of Appealability shall be denied.

**IT IS, THEREFORE, ORDERED THAT** Petitioner's Request for a Certificate of Appealability (Doc. No. 13) is **DENIED**.

**SO ORDERED.**

Signed: February 13, 2018

Frank D. Whitney
Chief United States District Judge